521 A.2d 111

Raymond Russo, Appellant *v.* Zoning Hearing Board of Perkiomen Township, Appellee.

Argued December 8, 1986, before Judges MacPhail and Colins, and Senior Judge Kalish, sitting as a panel of three.

*Marc D. Jonas, Silverman, Jonas & Lawrence,* for appellant.

*Frank R. Bartle, Dischell, Bartle, Yanoff & Dooley,* for appellee.

*John F. Walsh, Philip R. Detwiler & Associates, P.C.,* for intervenor, Perkiomen Township Board of Supervisors.

*James J. Heffernen,* for intervenor, Cranberry Corporation.

OPINION BY SENIOR JUDGE KALISH, February 20, 1987:

Appellant, Raymond Russo, appeals from an order of the Court of Common Pleas of Montgomery County which dismissed his appeals from the trial court's approval of the decision of the Zoning Hearing Board of Perkiomen Township (Zoning Hearing Board) affirming the Perkiomen Township Board of Supervisor's (Board of Supervisors) approval with conditions of an application from the Cranberry Corporation for a planned residential development.

On December 7, 1976, Cranberry Corporation submitted to the Supervisors an application for tentative approval of a planned residential development. Following public hearings, the Board of Supervisors unanimously voted to reject the application. On appeal, the trial court remanded the matter to the Board of Supervisors, directing it to make adequate findings of fact and conclusions of law. On April 10, 1979, the Board of Supervisors granted tentative approval subject to certain conditions.

Russo, a neighboring landowner, filed an appeal from the Board of Supervisors' decision with the Zoning Hearing Board. The Zoning Hearing Board filed a petition for declaratory judgment in the trial court seeking a determination as to whether it had jurisdiction to act on Russo's appeal. Russo filed a complaint in mandamus in the trial court, asking the court to require the Zoning Hearing Board to hold hearings on the appeal. These cases were consolidated for appeal, and in 1985 the trial

court remanded the 1979 appeal to the Zoning Hearing Board for a hearing. The Zoning Hearing Board held a hearing, and on February 10, 1986, issued a decision approving the decision of the Board of Supervisors. Russo appealed the decision to the trial court.

During the pendency of the Zoning Hearing Board's petition for declaratory judgment and Russo's complaint in mandamus in the trial court, Cranberry Corporation filed an appeal in the trial court from the Board of Supervisors' grant of tentative approval subject to conditions, alleging that the conditions were onerous. The trial court dismissed the appeal on October 10, 1979, on the ground that Cranberry Corporation had failed to timely notify the Board of Supervisors of its objections to the conditions, and therefore had constructively accepted the conditions. Cranberry Corporation appealed the decision to this court.

Prior to this court's reaching a decision in Cranberry Corporation's appeal, Cranberry Corporation and the Board of Supervisors entered into an agreement which terminated the litigation. The agreement followed two years of negotiation, and ended the litigation in exchange for the tentative approval of Cranberry Corporation's application with modifications of the conditions set forth in the April 10, 1979 tentative approval. This agreement was approved at a public hearing on July 7, 1981, and Cranberry Corporation withdrew its pending appeal in this court. Russo, who had not been a party to this agreement because he had not intervened at any stage of these proceedings, filed an appeal with the Zoning Hearing Board, challenging the agreement.

The Zoning Hearing Board held four public hearings, and issued a decision stating that Russo lacked standing to file an appeal. However, the Zoning Hearing Board's decision went on to consider the merits, and made extensive findings of fact, affirming the Board of

Supervisors. Russo appealed to the trial court, which held that Russo lacked standing to file the appeal. On appeal, this court, by opinion and order dated November 26, 1984, remanded the case to the Zoning Hearing Board for a decision on the merits.

On August 22, 1985, the Zoning Hearing Board dismissed Russo's appeal on the merits. Russo again appealed to the trial court. The trial court consolidated this appeal with Russo's appeal from the Zoning Hearing Board's decision dated February 10, 1986. On June 11, 1986, the trial court dismissed both of Russo's appeals. Russo now appeals from the trial court's decision dismissing both of his appeals.

Russo argues that: (1) the Board of Supervisors' agreement with Cranberry Corporation which granted tentative approval of a planned residential development should be overturned because the plan approved by the agreement was a new and illegal sketch plan; (2) the agreement violates substantive and procedural requirements of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11108A and the Perkiomen Township Zoning Ordinance; (3) the Zoning Hearing Board's conclusions misapplied the law and exercised manifestly unreasonable judgment in blatant disregard of the evidence; (4) the Board of Supervisors lacked the authority and power to enter into the agreement with Cranberry Corporation; (5) the tentative approval of the planned residential development was deemed revoked because development plans for final approval were not submitted in accordance with the terms of the conditions of the tentative approval; and (6) the tentative approval of the planned residential development should be reversed because the plan does not comply with the Perkiomen Township Planned Residential Development Ordinance.

Judge SALUS of the Court of Common Pleas of Montgomery County addressed and rejected all of these arguments. After a careful review of the record, we are satisfied with that disposition. Accordingly, we will affirm on the basis of the well-reasoned opinion authored by Judge SALUS, reported at 40 Pa. D. & C. 3d 505 (1986).

### ORDER

NOW, February 20, 1987, the order of the Court of Common Pleas of Montgomery County, Nos. 83-07806 and 86-03112, dated June 11, 1986, is affirmed.